IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CRAIG A. ROBERSON, | Case Number: 1:08 CV 560 |
| Plaintiff, | JUDGE DONALD C. NUGENT |
| v. | |
| TIMOTHY RICHARDSON, *et al.*, | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter is before the Court on the motions Defendants Timothy Richardson (ECF #18) and Tower City Avenue, LLC and Forest City Management, Inc. (ECF #19) for Summary Judgment. For the reasons set forth below, the Defendants' Motions are hereby GRANTED as to Plaintiff's federal claim and Plaintiff's State law claims will be remanded to state court.

## FACTS[1]

This action arises out of an incident that occurred at a store within Tower City, a mall owned by Defendant Forest City Enterprises. On February 7, 2007, Plaintiff Craig A. Roberson, a cameraman for WKYC Channel 3, and reporter Lydia Esparra were investigating a news story

---

[1] Except as otherwise noted, the factual summary is based solely upon the undisputed facts set forth in the parties' statements of facts, the Plaintiff's Complaint, and the deposition transcripts filed with the Court as part of the summary judgment motion briefing. Those facts which are contested and have some support through deposition testimony, affidavit, or other evidence will be addressed in the "Discussion" section below and shall be construed in the light most favorable to the Plaintiff as required under the Summary Judgment standards.

on how teens were spending their time during school cancellations as a result of a recent snowstorm. Plaintiff and Ms. Esparra understood that they did not have permission to film within the common areas of Tower City. Instead, Ms. Esparra entered a store named "Cycle Leather" and spoke to an employee and a manager at the store seeking permission to interview and videotape them within Cycle Leather. She obtained their permission and then notified two off-duty Cleveland Police Officers in the Tower City Lobby that she had received permission from Cycle Leather to videotape and interview the employees and customers within that particular store.

At that point Ms. Esparra walked outside Tower City and told Plaintiff that they had permission to videotape within Cycle Leather. Plaintiff and Ms. Esparra entered Tower City and walked to Cycle Leather. When they entered Cycle Leather, the two off duty Cleveland Officers who Ms. Esparra had talked to in the lobby were in the store. Ms. Esparra and Plaintiff began their set-up and Plaintiff began videotaping, and videotaped the two officers leaving the store. The videotape shows the two officers leaving the store and entering the common area of Tower City and shows the arrival of Defendant, off- duty Cleveland police officer Timothy Richardson, at Cycle Leather.[2] Officer Richardson watched the two officers leave and stands at the entrance of the store and tells Plaintiff to turn off his camera because they did not have permission to film there. Ms. Esparra stated that they did have permission to film within Cycle Leather and

---

[2] Tower City utilizes off-duty Cleveland police officers to assist in patrolling the mall, and controlling and addressing criminal behavior in the same manner the police officers do on a general beat. The Cleveland Police Department officers have the authority to issue citations, make arrests and respond to disturbances of the peace while working authorized secondary employment at Tower City as they do when patrolling around Cleveland. Defendant Richardson was an off-duty Cleveland Police Officer working an authorized secondary employment at Tower City on the date of the incident at issue here.

2

there. Ms. Esparra stated that they did have permission to film within Cycle Leather and Plaintiff told Officer Richardson that he would not turn off his camera. Officer Richardson walked up to Plaintiff and moved the camera away. Plaintiff claims that Officer Richardson attacked Plaintiff, knocking the camera off of his shoulder and causing it to fall to the ground. (Roberson Depo. at 47, 58; Esparra Depo. at 32). Officer Richardson asserts that he reached out his right hand and gently moved the camera from his face. (Richardson Aff. ¶19). The videotape shows Officer Richardson approach Mr. Roberson and reach toward him and then the camera falling or sliding away. Officer Richardson claims that he only touched the camera and did not touch the Plaintiff and that the Plaintiff, who is 6'1" tall and weighs 315 pounds, dropped the camera in an exaggerated manner and claimed assault. (Richardson Aff., ¶19) Officer Richardson left the store immediately after his confrontation with Plaintiff.

Thereafter, the videotape shows Ms. Esparra and Plaintiff talking to an employee of Forest City who puts her hand in front of the camera. They repeatedly tell the woman that Officer Richardson assaulted Plaintiff and she responds that they do not have permission to videotape in the store despite the agreement of the store employee and manager. Ms. Esparra and Plaintiff voluntarily left the Tower City mall. They were not arrested or detained or cited for any violation. Thereafter, Ms. Esparra learned that the owner of Cycle Leather did not want Ms. Esparra and Plaintiff filming on his premises. Subsequent to the incident, Plaintiff required surgery for a torn rotator cuff and was absent from work for two months.

Plaintiff filed this Complaint in the Court of Common Pleas for Cuyahoga County on January 29, 2008 against Defendants Timothy Richardson, the City of Cleveland and Forest City Enterprises dba Tower City alleging assault and battery under Ohio law (Count 1), violation of

3

42 U.S.C. § 1983 in that Defendants deprived Plaintiff of his right to be free from the use of excessive force or from assault and battery (Count 2), and negligent hiring, training, and evaluating of Officer Richardson against Defendants Forest City and the City of Cleveland (Count 5).[3] Plaintiff seeks damages for physical and emotional injuries, medical expenses and loss of income allegedly attributable to the February 7, 2007 incident with Officer Richardson.

Defendants removed the action to this Court. Defendants now seek summary judgment on Plaintiff's complaint. Plaintiff has filed briefs in opposition to the motions and Defendants have filed reply briefs in support of the motions. The motions are now ready for decision.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

---

[3] The Court is unable to decipher the other claims in the Complaint as they seem to be a general allegation of an extreme or reckless type tort (Counts 3 and 4) and a reiteration of the §1983 claim (Count 6). Thus, the Court will treat this Complaint as a state law tort claim of assault and battery against Officer Richardson and a §1983 claim against all Defendants for excessive force and negligent hiring, training, supervising of Officer Richardson. The City of Cleveland's motion for summary judgment was granted on October 1, 2008, without opposition from Plaintiff as it is clear that Officer Richardson was off-duty and engaged in authorized secondary employment at Tower City at the time of the incident.

4

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252.

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this

> rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## DISCUSSION

**Plaintiff's Federal Claim.**

The Court will address Plaintiff's §1983 claim first as that is the basis for federal jurisdiction. The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See Wyatt v. Cole*, 504 U.S. 158, 112 S. Ct. 1827 (1992). 42 U.S.C. § 1983 states, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In order to establish liability under § 1983 against state officials, a plaintiff must show

6

that the officials, acting under color of state law, caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citing *Monroe v. Pape*, 365 U.S. 167 (1961)). In other words, the terms of § 1983 demand only two allegations: (1) that a person deprived the plaintiff of a federal right, constitutional or statutory; and (2) that the person acted under color of state law when depriving the plaintiff of the federal right. *See Gomez v. Toledo*, 446 U.S. 635, 640 (1980). If either element is missing, then a § 1983 claim has not been pleaded. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991). A municipality may be held liable pursuant to 42 U.S.C. § 1983 if the municipality itself caused the constitutional deprivation. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690 (1978).

Moving first to Plaintiff's claim that Officer Richardson deprived Plaintiff of his right to be free from the use of excessive force, the United State Supreme Court has determined that "all claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard . . . ." *Graham v. Connor*, 490 U.S. 386, 395 (1989).

A "seizure" triggering the Fourth Amendment's protections occurs only when government actors have, "by means of physical force or show of authority, ...in some way restrained the liberty of a citizen". *Terry v. Ohio*, 392 U.S. 1, 19, n. 16 (1968). In this case, Plaintiff was not arrested or detained in any way. Therefore, a "seizure" did not occur. Moreover, the Complaint in this case does not allege that Plaintiff's Fourth Amendment rights were violated. Indeed, the Complaint does not allege that Plaintiff was denied his rights under any provision of the United States Constitution. As the Supreme Court makes clear in *Graham*,

7

> [w]e reject this notion that all excessive force claims brought under § 1983 are governed by a single generic standard. As we have said many times, § 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham*, 490 U.S. at 393-94, quoting *Baker v. McCollan*, 443 U.S. 137, 144, n.3 (1979).

Plaintiff asserts in his Brief in Opposition to Officer Richardson's Motion for Summary Judgment that Mr. Roberson was constitutionally deprived of his right to free speech guaranteed under the First Amendment, his right to be free from unreasonable searches and seizures guaranteed by the Fourth Amendment and his right to be free from unreasonable and/or excessive force guaranteed by the Fourth Amendment. A thorough study of Plaintiff's Complaint shows that Plaintiff never alleged that he was deprived of his right to free speech under the First Amendment. That claim does not exist. Moreover, Plaintiff never named the Fourth Amendment as his source of a right to be free from unreasonable searches and seizures or from unreasonable or excessive force. Plaintiff never alleged that he was searched or seized. Moreover, the evidence submitted by all parties shows that Plaintiff was not arrested, seized, detained or searched. Thus, Plaintiff has not alleged or established any evidence that any of his rights guaranteed by the First or Fourth Amendments to the Constitution have been violated. As such, Plaintiff's § 1983 claim fails as a matter of law.[4] Defendant Richardson's Motion for

---

[4] Even if Plaintiff had been seized, searched or detained within the purview of the Fourth Amendment, the Court finds that Officer Richardson's conduct was not objectively unreasonable under the circumstances, if the Court were to apply the objective reasonableness standard enunciated in *Graham* for § 1983 excessive force cases arising under the Fourth Amendment. Under the this standard, "the question is whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent of motivation." *Id.* at 397 (citations omitted.) Moreover, Plaintiff has not alleged that his substantive due process rights have been violated and has not suggested that the Court analyze his § 1983 excessive

8

Summary Judgment as to Plaintiff's § 1983 claim is granted.

Plaintiff also seeks to hold the Forest City Defendants liable for Officer Richardson's alleged violation of his rights under § 1983. However, as discussed above Plaintiff has failed to demonstrate any violation of his constitutional rights. "Where a plaintiff has failed to establish that his constitutional rights were violated, there can be no municipal liability under § 1983." *See City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986). Similarly, this rule would apply to suits seeking to hold private corporations liable under § 1983. See, *Street v. Corrections Corp. Of Am.*, 102 F.3d 810, 818 (6th Cir. 1999). Accordingly, the Forest City Defendants' Motion for Summary Judgment as to Plaintiff's § 1983 claim is granted.

**Plaintiff's State Claims.**

Since Plaintiff's federal claim has been dismissed, the only remaining claims are State law claims. It is generally recognized that where, as in this case, federal issues are dismissed before trial, district courts should decline to exercise pendent, or supplemental, jurisdiction over state law claims. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Taylor v. First America Bank-Waynd*, 973 F.2d 1284, 1289 (6th Cir. 1992); *Gaff v. Federal Deposit Ins. Corp.*, 814 F.2d 311, 319 (1987) (after dismissing all federal claims, it was error for the district court to have retained jurisdiction over the purported state law claims for the purpose of dismissing them with prejudice. The district court instead should have remanded the pendent state claims to the state court from which they were originally removed.); *Burt v. Blue Shield*, 591 F.Supp. 755, 759 (S.D.Ohio 1984); *Nash & Assocs., Inc. v. Lum's of Ohio, Inc.*, 484

---

force claim under the shocks the conscious substantive due process standard. Of course, the actions of Officer Richardson in this case did not "shock the conscious" and did not violate Plaintiff's substantive due process rights.

9

F.2d 392, 396 (6th Cir.1973). In keeping with these precedents, the Court will decline to assert supplemental jurisdiction over Plaintiff's remaining State law claims and this action will be remanded to the Cuyahoga County Court of Common Pleas from which it was removed.

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendant Officer Richardson's Motion for Summary Judgment (ECF #18) as to Plaintiff's § 1983 claim. The Motion of the Forest City Defendants for Summary Judgment (ECF #19) is also GRANTED as to Plaintiff's § 1983 claim. The Court declines to accept supplemental jurisdiction over the remaining State law claims. Accordingly, the Clerk of Courts is ordered to REMAND this case to the Court of Common Pleas for Cuyahoga County, Ohio.

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
UNITED STATES DISTRICT COURT

DATED: May 29, 2009